UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
MICHAEL O'TOOLE, DARIN JEFFERS,
MICHAEL BOURGAL, FRANK H. FINKEL,
MARC HERBST, THOMAS CORBETT,
ROBERT G. WESSELS and ROCCO TOMASSETTI, as
Trustees and fiduciaries of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund,
the Local 282 Job Training Trust Fund,
and the Local 282 Vacation and Sick Leave Trust Fund,

       Plaintiffs,

  -against-

CROPSEY SCRAP IRON & METAL CORP.,

       Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

6/5/2025 11:36 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
24-cv-03687 (JMA) (JMW)

**AZRACK, United States District Judge:**

  Presently before the Court is Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Robert G. Wessels, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund ("Plaintiffs") motion for default judgment against Defendant Cropsey Scrap Iron & Metal Corp., pursuant to Fed. R. Civ. P. 55(b)(2).  (See ECF No. 10.)  Plaintiffs allege that Defendant violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.  (Compl., ECF No. 1.)  For the following reasons, the Court GRANTS Plaintiffs' motion for default judgment.

I. DISCUSSION

A. **Defendants Defaulted**

The record reflects that all Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds all Defendants in default.

B. **Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the Complaint establish the defendant's liability as a matter of law. Id. Based upon examination of the Complaint and motion papers, the Court finds that Plaintiffs have demonstrated that the uncontroverted allegations establish Defendant's liability on the following causes of action:

> Employee benefit fund delinquencies to the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"); Section 301 of the LMRA, 29 U.S.C. § 185(a).

See Gesualdi v. Empire Duct Sys. LLC, No. 21-CV-00819, 2022 WL 280801, at *1 (E.D.N.Y. Jan. 31, 2022).

C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry

2

to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Section 515 of ERISA, 29 U.S.C. § 1145, is designed to "promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies." Iron Workers Dist. Council of W. New York and Vicinity Welfare Pension Funds v. Hudson Steel Fabricators and Erectors, Inc., 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502 of ERISA sets forth the damages that are recoverable for an employer's failure to remit the contributions that are required under Section 515 of ERISA. Section 502 of ERISA provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A);
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and
> (E) such other and further relief as the court deems appropriate.

29 U.S.C. § 1132.

Section 515 entitles the plans to recover monies owed on unpaid audits, interest on the unpaid audits, unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g) (2); Benson v. Brower's Moving and

3

Storage, Inc., 726 F. Supp. 31, 36 (E.D.N.Y. 1989), aff'd 907 F.2d 310 (2d Cir. 1990) (noting, "[t]here is no question that Section 502(g)'s remedies are mandatory.")

Based upon a review of affidavits and other documentary evidence, see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), the Court finds that the Plaintiffs have established damages in the following amounts:

i. For the period of February 2018 to October 2024: estimated unpaid contributions of $1,768,126.41.[1]; interest on unpaid contributions of $1,044,770.83[2]; and liquidated damages on unpaid contributions $1,044,770.83, for a total of **$3,857,668.07**.

ii. Interest due on late paid contributions for the periods through October 2022 of $6,124.89; and liquidated damages on late paid contributions of $6,124.89, for a total of **$12,249.78**.

iii. For Audit # 20-0014: $5,351.86 in unpaid contributions; interest of $7,150.33[3]; liquidated damages of $7,150.33; and an audit fee of $1,716.64, for a total of **$21,369.16**.

---

[1] Because Defendant failed to submit required remittance reports pursuant to the Collective Bargaining and Trust Agreements reporting all hours worked in covered employment, Plaintiffs are entitled to estimate unpaid contributions pursuant to Title IX of the Trust Agreement. (See ECF No. 11-1 at 25-26.) "The affidavits setting forth application of this formula and other documentation provided by Plaintiffs are sufficient evidence to award Plaintiffs damages for the unpaid estimated contributions." Gesualdi v. Reid, No. 19CIV4132, 2021 WL 8316386, at *9 (E.D.N.Y. Aug. 12, 2021) (citing Gesualdi v. Acme Skillman Concrete Co., No. 16 Civ. 3434, 2016 U.S. Dist. LEXIS 161303, at *10-12 (E.D.N.Y. Nov. 18, 2016), report and recommendation adopted, 2107 U.S. Dist. LEXIS 57891 (Apr. 11, 2017)).

[2] Interest on the unpaid contributions for the February 2018 to October 2024 period accrued at $872.45 per day from January 1, 2025 until the date judgment was entered on June 5, 2025. This daily interest was added to the $909,541.08 in interest already accrued by December 31, 2024. (See ECF No. 13 at 6.)

[3] Interest on unpaid contributions pursuant to Audit # 20-0014 accrued at $2.64 per day from January 1, 2025 until the date judgment was entered on June 5, 2025. This daily interest was added to the $6,741.13 in interest already accrued by December 31, 2024. (See ECF No. 13 at 9.)

   iv. <u>For Audit # 22-0445-E1</u>: $304,946.52 in estimated unpaid contributions; interest of $191,816.00[4]; liquidated damages of $191,816.00; and an audit fee of $350.00, for a total of **$688,928.52**.

For a sum total of **$4,580,215.53**.

**D.** **<u>Attorney's Fees and Costs</u>**

  Plaintiffs also request an award of reasonable attorney's fees of $11,393.25 and costs of $525.32 for a total of $11,918.57 pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and Article IX, Section 3(a) of the Trust Agreement. (<u>See</u> ECF No. 13 ¶¶ 52, 68(6).) "ERISA 'mandates the granting of reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the collective bargaining agreement.'" <u>Reid</u>, 2021 WL 8316386, at *13 (quoting <u>Sheet Metal Workers' Nat'l Pension Fund v. RHB Installations Inc.</u>, No. 12 Civ. 2981, 2015 WL 1509498, at *5 (E.D.N.Y. Mar. 31, 2015)).

  To calculate attorney's fees, courts in the Second Circuit determine the reasonable hourly rate, defined as "the rate a paying client would be willing to pay," and multiply that rate by the number of hours reasonably expended in prosecuting an action. <u>See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 117-18 (2d Cir. 2007). To determine what a reasonable client would pay, courts consider the community in which the district court sits and look to the prevailing rates for attorneys in that field with comparable experience. <u>See Gesualdi v. Bestech Transp., LLC</u>, No. 14-CV-1110, 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The reasonableness of hourly rates is guided by the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, and the relevant community is generally the district in which the court sits.") (cleaned up); <u>Rudler v. Houslanger &

---

[4] Interest on the unpaid contributions pursuant to Audit # 22-0445-E1 accrued at $150.38 per day from January 1, 2025 until the date judgment was entered on June 5, 2025. This daily interest was added to the $168,507.10 in interest already accrued by December 31, 2024. (<u>See</u> ECF No. 13 at 13.)

Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *2 (E.D.N.Y. Jan. 29, 2020) ("This Court follows the Second Circuit's 'forum rule,' which 'generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable rate.'") "'[T]he prevailing rates for attorneys in the E.D.N.Y. ... are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates.'" Rudler, 2020 WL 473619, at *2 (quoting Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019)); see also Power Up Lending Grp., LTD. v. Cardinal Energy Grp., Inc., No. 16-CV-1545, 2023 WL 7001360, at *4 (E.D.N.Y. Aug. 18, 2023) (approving hourly rate of $400 per hour for attorney with over thirty years of experience).

Work in this case was done primarily by Arthur J. Muller III, Esq., a partner at Trivella & Forte, LLP along with legal assistants. (See ECF No. 13-7.) Muller worked at an hourly rate of $495.00, for a total of approximately 23.9 hours. (Id.) The Court finds that these fees are in line with other awards in the Eastern District and are thus presumptively reasonable. Additionally, the Court has reviewed Plaintiffs' contemporaneous time records and finds that they contain a reasonable hourly rate and represent reasonable number of hours expended in this lawsuit. The Court therefore awards Plaintiff $11,393.25 in attorney's fees.

Additionally, Plaintiff requests $525.32 in costs. The Court takes judicial notice of the $405.00 filing fee receipt present on the Docket (see ECF No. 1 (confirmation of payment of $405.00 filing fee with corresponding receipt number)). See Yanes v. Juan & Jon Inc., No. 19-CV-0201, 2024 WL 1639932, at *2 (E.D.N.Y. Apr. 16, 2024) (citing Bank of Am. V. Jacobi Tool & Die M.F.G., Inc., No. 17-CV-6828, 2019 WL 7599891, at *6 (E.D.N.Y. Oct. 22, 2019) ("As the Court records easily substantiate this cost, it is awarded to Plaintiff.")) The remainder of the $120.32 in costs, however, is unsubstantiated and must be denied. See id. (citing Khotovitskaya

6

v. Shimunov, No. 18-CV-7303, 2021 WL 868781, at *2 (E.D.N.Y. Mar. 9, 2021)) (denying costs where party failed to submit documentation substantiating the amounts reflected in attorney billing records); Suriel v. Cruz, No. 20-CV-8442, 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (same).  The Court therefore awards $405.00 in costs to Plaintiffs.

E.     **Injunctive Relief**

29 U.S.C. § 1132 authorizes the Court to grant injunctive relief to "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  Plaintiffs seek an injunction "ordering [Defendant] to immediately submit to [an] audit and/or . . . immediately pay all of the unpaid contributions," "estimated contributions" and "fees incurred by the funds." (Compl. ¶¶ 63-66.)  Because, however, the Court awards Plaintiffs the damages described above, "[i]t would be unreasonable 'at this stage to issue an affirmative injunction ordering defendants to submit to an audit for this exact same period of time, when plaintiffs are recovering estimated damages that have been calculated [pursuant to an audit or] in the manner prescribed under the Trust Agreement.'"  Reid, 2021 WL 8316386 at *15 (quoting Gesualdi v. MBM Indus., Inc., No. 10 Civ. 2607, 2010 WL 3724348, at *3 (E.D.N.Y. Sept. 15, 2010)); (then citing Ferrara v. Metro D Excavation & Found., Inc., No. 10 Civ. 4215, 2011 WL 3610896, at *8 (E.D.N.Y. July 7, 2011) (denying request for an order requiring employer to submit to an audit because report already recommended that plaintiff be awarded "estimated unpaid contributions ... in accordance with the formulas set forth in the trust agreement."), report and recommendation adopted, 2011 WL 3625448 (Aug. 16, 2011)).  The Court therefore DENIES Plaintiffs' request for injunctive relief.

7

## II.     CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs are entitled to default judgment against Defendant Cropsey Scrap Iron & Metal Corp.  Plaintiffs are awarded damages in the amount of $4,580,215.53.  Additionally, Plaintiffs are awarded $11,798.25 in attorney's fees and costs.  The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:    June 5, 2025
              Central Islip, New York

                                                                          /s/ (JMA)
                                                                JOAN M. AZRACK
                                                                UNITED STATES DISTRICT JUDGE